29185. ROGERS *v.* HALL.

DECIDED JANUARY 14, 1942.

*Pierce Brothers,* for plaintiff in error.
*John F. Hardin,* contra.

BROYLES, C. J. H. R. Hall filed his affidavit in the municipal court of Augusta to foreclose a mechanic's lien on a described automobile trailer which he had repaired for Fred L. Rogers, the affidavit alleging that the contract price for the repairs was $400, that Rogers had paid $150 on said contract price, and that the balance due affiant was $250. In his counter-affidavit Rogers deposed that "it was understood and agreed that said repairs . . would cost between $275 and $300, but in no event would it exceed $300;" that deponent had paid Hall $150 in advance on said contract and the work done on the trailer did not exceed that sum; that "it was understood it would not take more than six or seven days to do the work . . and should not have taken longer than a week or ten days for such work;" that Hall's unreasonable delay in completing the work on the trailer caused deponent to lose forty-three days; that deponent's time was reasonably worth $5 a day, or a total of $215; and that Hall was indebted to him in the sum of $215. Both

litigants introduced evidence and the jury returned a verdict for the plaintiff in the sum of $250. Rogers filed a motion for new trial based solely upon the usual general grounds; the court overruled that motion and Rogers excepted to that judgment.

In their brief counsel for plaintiff in error admit that Hall made out a prima facie case for the recovery of $250 but insist that the evidence demanded a finding that "there was such an unreasonable delay in the completion of the work that defendant lost fifty-five days, which he testified was worth $5 a day, making a total of . . $275, and, therefore, this amount should have been set off . . against the . . $250 claimed by the plaintiff, which demanded a verdict for the defendant . . of $25."

Hall testified in substance that when Rogers brought the trailer to him it was a complete wreck; that the agreed contract price for repairing the trailer was $400; that Rogers "interfered with the men who were working with me on the trailer so until they quit work three different times;" that "it took four weeks working continuously to repair that trailer;" that "I worked at least eight hours every day . . started to work every morning around seven and would work to six or seven at night . . was working all the time on this trailer;" that Rogers was present while the trailer was being repaired and "supervised the work" and "ran my men off of the job worrying them while they were working;" that after the work was completed Rogers was "entirely pleased with the finished job" and offered Hall his (Rogers') personal check for $250 on a trust company in New York; that he refused the check because Rogers would be gone before he could find out if the check was good; that Rogers then "got mad" and Hall took a lien on the trailer to protect himself; that Rogers "was on vacation and did not lose any wages or salary . . that I know of;" and that "I completed this job just as soon as I could, even worked on Sunday." Mr. Holloway, a witness for the plaintiff, testified in part: "I got three days work on this trailer; I was disturbed and bothered so much by Rogers I could not work. I was there when the job was finished. Rogers didn't find any fault with the work that had been done; he seemed perfectly satisfied and presented his check for $250." The defendant Rogers testified in part: "I was delayed in Augusta fifty-five days. There was no excuse for him taking that long to do the work; I believe that it could have been

done in a week. . . I value my time at at least $5 a day. . . I am retired. I formerly worked for Cable Company; New York. I offered him the check for $250 and told him this was an exhorbitant price, but that I wanted to settle the matter and get away from here. . . I would consider that $200 would have been a . . fair price for repairs and materials on the trailer; I would have done the work and painted it for that amount. . . It would have taken the factory about ten days to do the work Hall did on my trailer."

While the foregoing is by no means a full statement of the testimony in the case, we think it suffices to indicate the correctness of our conclusion that the jury's verdict was supported by the evidence.

*Judgment affirmed. McIntyre and Gardner, JJ., concur.*